# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8683 | **DATE** | 1/29/2013 |
| **CASE TITLE** | Kirschenbaum vs. Gillman et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss (#6) is denied. See statement section of this order for details. Defendants to answer the amended complaint by 2/19/2013. Scheduling conference set for 2/26/2013 at 8:30 a.m.

■[ For further details see text below.]   Notices mailed by Judicial staff.

# STATEMENT

Plaintiff Barry Kirschenbaum filed a complaint against defendants Michael Gillman, Darryle Gillman and Asta Healthcare Company, Inc. ("Asta Healthcare") (collectively "defendants") alleging that defendants breached their respective obligations under guaranty agreements dated January 12, 2002, December 28, 2009 and April 30, 2011 (collectively the "guaranty agreements").[1] Plaintiff alleges that the aforementioned guaranty agreements guaranteed the obligations of Albany Bank & Trust Company as trustee for trust #11-5885 under (1) an installment note dated December 12, 2002 (the "first note"); (2) an installment note dated December 28, 2009 (the "second note"); and (3) an installment note dated April 30, 2011, which replaced the second note (the "replacement note") (collectively the "installment notes"). On June 22, 2012, plaintiff was assigned all right, title and interest in the guaranty agreements and installment notes, and plaintiff alleges that the (1) the guaranty agreements, (2) the first note, and (3) the replacement note have now matured by their own terms.

Defendants have moved to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7) arguing that (1) plaintiff fails to allege that the underlying installment notes were breached and therefore no claim exists against the guarantor defendants; (2) defendant Asta Healthcare only signed the April 30, 2011 guaranty and is therefore only liable on this agreement; and (3) plaintiff has failed to join the principal debtor, Albany Bank & Trust Company as trustee for trust #11-5885, as a necessary party under Rule 19. For the reasons set forth below, defendants' motion will be denied.[2]

Defendants' first argument can be disposed of quickly as plaintiff has amended his complaint to allege that the first note and replacement note have matured by their own terms and are therefore due. (Am. Compl. ¶¶ 12 & 15.) Although the second note has not matured, plaintiff seeks to recover only on the first note and the replacement note (which he alleges replaced the second note). (*Id.* ¶ 12.) Moreover, because the court concludes that the guarantees at issue are guarantees of payment, not guarantees of collection, as discussed

below, plaintiff need not assert that the principal debtor breached its obligation to pay; rather, plaintiff's right to collect on the notes is absolute once they become due.

Next, defendants are correct that Asta Healthcare only signed (through its president Michael Gillman) the April 30, 2011 guaranty agreement and as such, Asta Healthcare is only liable on this agreement (not the January 12, 2002 and December 28, 2009 guarantees). At the same time, the April 30, 2011 guaranty agreement explicitly states that Asta Healthcare

"hereby guarantee(s) the full and prompt payment to the Bank at maturity and at all times thereafter of any and all indebtedness, obligations and liabilities of every kind an nature of the Debtor to the Bank . . . howsoever evidenced, *whether now existing or hereafter created* or arising . . ."

(Am. Compl. Ex. E (emphasis added).) Thus, by its plain terms, the April 30, 2011 guaranty agreement does not limit the scope of Asta Healthcare's liability as argued by defendants.

Finally, as to defendants' third argument, there are two types of guarantees under Illinois law. The first is a guaranty of payment in which the guarantor unconditionally promises to perform those acts that the borrower fails to perform, and the second is a guaranty of collection, which requires the happening of a condition precedent, such as exhaustion by the bank of all remedies available against the borrower, before the guarantor's liability may come into existence. *See Beebe* v. *Kirkpatrick*, 152 N.E. 539, 540–41, 321 Ill. 612 (Ill. 1926) ("A contract guaranteeing the *collection* of a note or debt is conditional in its character . . . [a] contract guaranteeing the *payment* of a note or debt is an absolute contract") (emphasis added); *Bank of Am. Nat'l Trust & Sav. Ass'n* v. *Schulson*, 714 N.E.2d 20, 24, 305 Ill. App. 3d 941, 239 Ill. Dec. 462 (Ill. App. Ct. 1999) ("Guaranties of payment require the payment of a debt immediately . . . if the debtor fails to pay. Guaranties of collection, on the other hand, require payment only after the lender first uses all legal means to collect payment from the debtor."); *accord M.S. Distrib. Co.* v. *Web Records, Inc.*, No. 00 CV 1436, 2001 WL 685923, at *7 (N.D. Ill. June 13, 2001).

Here, defendants argue that the guarantees are guarantees of collection, not of payment, and therefore the principal debtor is a necessary party to the litigation. The plain language of the guarantees indicates otherwise stating that "for value received and in consideration of advances, credit or other financial accommodation now or that may hereafter be extended to Albany Bank and Trust Company, N.A. U/T/A #11-5885 . . . by Albany Bank and Trust Company N.A. . . . the undersigned . . . hereby guarantee(s) the full and prompt *payment* to the Bank at maturity . . . ." (Compl. Exs. A–E (emphasis added).) The guarantees also state,

"In order to hold the undersigned . . . liable hereunder and to enforce this guaranty, there shall be no obligation on the part of the Bank at any time to resort for payment to the Debtor, or to any other guarantor, or to any collateral, security, liens or other rights or remedies of the Bank in respect to the indebtedness of any thereof."

(*Id.*) Nowhere in the guarantees does it state that the bank (as assignor) must first seek to recover from the principal debtor before enforcing the guarantees against defendants, and defendants' arguments to the contrary are not persuasive. As such, plaintiff's right (as assignee) to recover on the debt is absolute. Moreover, because the court concludes that the guarantees are guarantees of payment, not of collection, the principal debtor is not a necessary party to this lawsuit. *See Nat'l Acceptance Co. of Am.* v. *Demes*, 446 F. Supp. 388, 390 (N.D. Ill. 1977) (primary obligor not a necessary party where agreement stated, *inter alia*, that "the holder of the Note is not required to . . . prosecute collection or to seek to enforce or resort to any remedies against the maker of the Note or any other party liable to said holder on account of the Note or any

| |
|---|
| **STATEMENT** |
| guaranty thereof"). For the foregoing reasons, defendants' motion to dismiss (#6) is denied. |

1. Based on the allegations in the amended complaint (#17) the court concludes that it has jurisdiction under 28 U.S.C. § 1332(a)(1).

2. Defendants also moved to dismiss under Rule 12(b)(1) for lack of standing, but the court denied this portion of the motion as stated on the record on December 11, 2012.